UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

M.O.R.E., LLC, et al.,

    Plaintiffs,

    v.

UNITED STATES OF AMERICA,

    Defendant.

_____/

No. C 12-3609 PJH

**ORDER**

Before the court is the motion of defendant United States of America to dismiss the above-entitled action for failure to state a claim and failure to join necessary parties. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion.

## BACKGROUND

This action involves two properties located in Alameda County, California. The first property is located in Fremont ("the Pecan Court property"), and the second is located in San Lorenzo ("the Washington Avenue property"). Both properties were previously owned by Jeanette and Jack Ottovich as joint tenants.

In 1993, the Pecan Court property was transferred to the Ottovich Family Revocable Trust. Jeanette Ottovich died on February 20, 2001, and Jack Ottovich died shortly thereafter, on May 12, 2001. Plaintiffs assert that upon the death of Jeanette Ottovich, title

to the Washington Avenue property passed to Jack Ottovich automatically without the need for probate.

After the death of Jack Ottovich, the attorney for the Estate of Jeanette Ottovich filed a petition in the Alameda County Superior Court. Although the allegations in the present complaint are not clear, plaintiffs allege that the purpose of the petition was to obtain recognition of the equitable interests of Mark Ottovich and Harvey Ottovich (two of the children of Jack and Jeanette Ottovich) in the properties and to remove the properties from the Estate. Plaintiffs also claim that the Superior Court granted the petition, and that the properties were in fact removed from the Estate in an order dated September 29, 2004.

On May 29, 2009, the Washington Avenue property was transferred to the Ottovich children, after an affidavit of the death of joint tenants Jeanette and Jack Ottovich was recorded with the Alameda County Recorder's Office. Immediately thereafter, the property was transferred from the Ottovich children to M.O.R.E. LLC ("M.O.R.E.").

On October 19, 2009, the Internal Revenue Service ("IRS") issued a Notice of Intent to Levy on the Estate of Jeanette Ottovich, based on an asserted failure to pay the amount of estate taxes due.[1]

On October 22, 2009, the Pecan Court property was transferred via quit claim deed from the Ottovich Family Revocable Trust to Mark Ottovich, Harvey Ottovich, and two other Ottovich children – Randy Ottovich and Karen Rayl – as joint tenants, and was then transferred via another quit claim deed from the Ottovich children to M.O.R.E.

In 2011, the Internal Revenue Service ("IRS") seized the Jeanette Ottovich Estate's interest in the Pecan Court property and the Washington Avenue property, for non-payment of $187,335.92 in taxes. Mark Ottovich appealed the IRS' decision to seize the property. On March 10, 2011, the IRS sent Mark Ottovich a letter stating that the appeal had been denied.

On July 11, 2012, three of the Ottovich children filed the present action against the

---

[1] The United States asserts that no taxes are owed by the Jack Ottovich Estate.

United States of America, seeking to quiet title, and for wrongful levy. The plaintiffs listed on the caption of the complaint are M.O.R.E., Mark Ottovich, Randy Ottovich, and Karen Rayl, and the complaint is signed by the three individual plaintiffs, all proceeding in propria persona.

The complaint alleges that M.O.R.E. is a limited liability company with its principal place of business in Las Vegas, Nevada, and that it is managed by Karen Rayl and is the sole owner of the Pecan Court and Washington Avenue properties. The complaint also alleges that Mark Ottovich is an "equitable owner" of the plaintiff L.L.C.; and that Randy Ottovich and Karen Rayl are both "equitable co-owner[s]" of the properties.

It is possible that plaintiffs are alleging that the levy and seizure were improper because the Estate of Jeanette Ottovich did not own the properties and therefore did not owe the amount of estate tax claimed by the IRS. However, the allegations in the complaint are not clear.

On September 12, 2012, the United States filed the present motion for an order dismissing the complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6); for an order dismissing the complaint for failure to join a necessary party, pursuant to Federal Rule of Civil Procedure 12(b)(7); and for an order striking the pleadings as they pertain to defendant M.O.R.E. LLC, because it is not represented by counsel.

## DISCUSSION

A.   Legal Standards

    1.   Motions to dismiss for failure to state a claim

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The court is to "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 899-900 (9th Cir. 2007). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations and quotations omitted).

A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See id. at 558-59. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679. In the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

In addition, when resolving a motion to dismiss for failure to state a claim, the court may not generally consider materials outside the pleadings, although it may consider a matter that is properly the subject of judicial notice. See Fed. R. Evid. 201(b) (court may take judicial notice of matters either generally known within the trial court's territorial jurisdiction, or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned); see also Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); Mack v. South Bay Beer Distribs., Inc., 798 F.2d 1279, 1282 (9th Cir. 1986).

Further, under the doctrine of incorporation by reference, the court may consider on a Rule 12(b)(6) motion not only documents attached to the complaint, but also documents whose contents are alleged in the complaint, provided the complaint "necessarily relies" on the documents or contents thereof, the document's authenticity is uncontested, and the document's relevance is uncontested. Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010); Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002); Hal Roach Studios, Inc. V. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

2.     Motions to dismiss for failure to join a necessary party

A defendant may move to dismiss a complaint for failure to join a necessary party. Fed. R. Civ. P. 12(b)(7). Federal Rule of Civil Procedure 19(a) governs compulsory party joinder in federal courts.[2] A person is required to be joined if feasible under Rule 19(a)(1)(A) if, "in that person's absence, the court cannot accord complete relief among the existing parties" or under Rule 19(a)(1)(B) if the person claims an interest relating to the subject of the action and is so situated that disposing of the action in his/her absence may as a practical matter impair or impede the person's ability to protect the interest; or leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Fed. R. Civ. P. 19(a)(1)(B).

There is no precise formula for determining whether a particular nonparty should be joined under Rule 19(a). The determination is heavily influenced by the facts and circumstances of each case." Northern Alaska Envtl. Ctr. v. Hodel, 803 F.2d 466, 468 (9th Cir. 1986) (citation and quotation omitted).

Under Rule 19, the court must first determine whether a nonparty should be joined under Rule 19(a) – i.e., whether the "absentee" party is a "person required to be joined if

---

[2] As of December 1, 2007, Rule 19 no longer refers to "necessary parties" but rather to "persons required to be joined if feasible," and persons in whose absence, if they cannot be joined, the action should not proceed. The 2007 Advisory Committee notes to Rule 19 indicate that these amendments were merely stylistic.

5

feasible." If the absentee meets the requirements of Rule 19(a), the court must then determine whether it is feasible to order that the absentee be joined. If joinder is not feasible, the court must determine at the third stage whether the case can proceed without the absentee, or whether the action must be dismissed. E.E.O.C. v. Peabody Western Coal Co., 610 F.3d 1070, 1078 (9th Cir. 2010).

If a required party under Rule 19(a) cannot be joined, the court looks to the factors provided in Rule 19(b) to determine whether, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). However, where joinder is feasible, the court need not proceed to this step.

B.  Defendant's Motion

The United States seeks an order dismissing the complaint, arguing that the allegations against M.O.R.E. should be stricken because M.O.R.E. cannot appear through pro se plaintiffs Mark Ottovich, Randy Ottovich, and Karen Rayl; that Harvey Ottovich must be joined as a necessary party under Federal Rule of Civil Procedure 19; that the claim for wrongful levy is time-barred; that the court lacks subject matter jurisdiction over the claim for wrongful levy because it was not filed within the time required under the Federal Tort Claims Act.[3]

In opposition, the individual plaintiffs (now including Harvey Ottovich, who nonetheless has not appeared as a plaintiff in the case) argue that "M.O.R.E. Partners LLC is now represented by counsel;" that Harvey Ottovich is not a necessary party because the existing plaintiffs may adequately protect any interest in the properties he may have, and no conflict exists between Harvey Ottovich and the existing parties; that the court has discretion to allow plaintiffs to amend the complaint to add Harvey Ottovich as a plaintiff; and that the complaint was filed within the applicable limitation period.

The motion is GRANTED in part and DENIED in part. First, with regard to M.O.R.E., plaintiffs do not dispute the United States' basic premise – that a limited liability company

---

[3] The United States did not move pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss the complaint for lack of subject matter jurisdiction.

6

cannot appear in propria persona, and that a pro se plaintiff who is not an attorney may not represent any party other than himself or herself. Although it is not clear whether "M.O.R.E. Partners LLC" is the same entity as M.O.R.E. LLC, what is clear is that for purposes of this litigation, M.O.R.E. is not represented by counsel, as no attorney has entered a notice of appearance. The motion to strike the allegations against M.O.R.E. on this basis is DENIED, but M.O.R.E. cannot be represented by the pro se plaintiffs, and must appear by counsel. See Civil L.R. 3-9(a), (b). Accordingly, the court will allow plaintiffs until November 16, 2012 to locate counsel for M.O.R.E., and for that counsel to file a notice of appearance in this case. If M.O.R.E. does not appear by counsel by that deadline, the United States may again move to dismiss or strike.

Second, with regard to necessary parties, plaintiff appears to have conceded that Harvey Ottovich's joinder is required in this case, based on their allegations that Harvey Ottovich holds an "equitable interest" in the properties, and also because they have suggested that the court should grant leave to amend the complaint to add Harvey Ottovich as a plaintiff. Accordingly, the complaint is dismissed with leave to amend to add Harvey Ottovich as a plaintiff. In addition, to the extent that M.O.R.E. Partners LLC is not the same as M.O.R.E. LLC, the amended complaint must also include M.O.R.E Partners LLC as a plaintiff (and M.O.R.E. Partners LLC must appear through counsel).

Third, with regard to the question whether the claim is time-barred, the court finds that while the United States has correctly stated the applicable legal standard, consideration of whether the complaint is time-barred may depend in part on whether the levy and seizure were proper. Given that there appear to be disputed issues of fact with regard to who owned the properties – particularly in light of the possible conflict between the recorded documents and the order of the probate court – the court finds that the motion to dismiss on this basis must be DENIED, without prejudice to being raised again once the facts are established.

## CONCLUSION

In accordance with the foregoing, no later than November 16, 2012, M.O.R.E. must

enter an appearance through counsel.  In addition, the complaint is DISMISSED with leave to amend to add Harvey Ottovich (and, if necessary, M.O.R.E. Partners, LLC) as plaintiff(s).  The amended complaint must also provide a more definite statement of the claims, including a more definite statement regarding the ownership of the properties at the time of the death of Jeanette and Jack Ottovich, and thereafter, so that the United States may better respond to the complaint.  The amended complaint shall be filed no later than November 30, 2012.

The October 31, 2012 hearing date is VACATED.  The court reminds the United States that under Civil Local Rule 3-4(c)(2), the text of footnotes must be no smaller than 12-point font.

**IT IS SO ORDERED.**

Dated:  October 15, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge