UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| M.O.R.E. PARTNERS, LLC, MARK OTTOVICH, HARVEY OTTOVICH, RANDY OTTOVICH, and KAREN RAYL,<br><br>Plaintiffs/Counterclaim-Defendants,<br><br>v.<br><br>UNITED STATES OF AMERICA, and others,<br><br>Defendants/Counterclaimants. | Case No. 12-cv-03609 JST (NC)<br><br>**REPORT AND RECOMMENDATION TO DENY REQUEST FOR ENTRY OF DEFAULT**<br><br>Re: Dkt. No. 34 |

This action arises out of plaintiffs' claims against the United States and the Internal Revenue Service for quiet title and for wrongful levy of a tax lien against two properties. The government filed counterclaims against plaintiffs, and the deadline to respond to those counterclaims expired on January 25, 2013. On February 27, 2013, the government requested the clerk to enter default against plaintiffs/counterclaim-defendants under Federal Rule of Civil Procedure 55(a). The only issue to be decided is whether entry of default is appropriate. Judge Tigar referred this request to a magistrate judge for a report and recommendation. Dkt. No. 36. Because the parties subsequently stipulated to an extension of the time to respond to the counterclaims, the Court RECOMMENDS that default not be entered against plaintiffs/counterclaim- defendants.

//

Case No. 12-cv-03609 JST (NC)
REPORT AND RECOMMENDATION

## I. BACKGROUND

On July 11, 2012, plaintiffs Mark Ottovich and Karen Rayl, each an owner of plaintiff M.O.R.E. Partners, LLC, along with plaintiff Randy Ottovich, filed a complaint seeking quiet title and asserting that the government had wrongfully seized two properties to satisfy a tax debt allegedly owed by the estate of their mother, Jeannette Ottovich. Dkt. No. 1. The government moved to dismiss this complaint for failure to join a necessary party and for failure to state a claim; it also moved to strike plaintiff M.O.R.E. Partners as an unrepresented party. Dkt. No. 6. Judge Hamilton granted in part and denied in part the government's motion. Dkt. No. 21. With respect to joinder, Judge Hamilton granted the government's motion and dismissed plaintiffs' complaint with leave to amend to add necessary party Harvey Ottovich. *Id.* at 7. Judge Hamilton denied the government's motion to dismiss for failure to state a claim finding that the fact of who owned the properties in question was not clear. *Id.* Judge Hamilton gave plaintiffs the opportunity to find counsel for unrepresented party M.O.R.E. Partners, but indicated that the government could move to strike again if plaintiffs failed to find counsel by the court's imposed deadline. *Id.*

Plaintiffs amended their complaint. Dkt. Nos. 24, 27. In its January 4, 2013 answer, the government raised several counterclaims. Dkt. No. 30. Specifically, it alleged that plaintiffs Harvey Ottovich, Randy Ottovich, and Karen Rayl were liable for unpaid taxes as trustees of the Ottovich Family Revocable Trust and beneficiaries of Jeannette Ottovich's estate. *Id.* at 6-8. The government also alleged that Mark Ottovich was liable for unpaid taxes as a beneficiary of the estate. *Id.* at 8. Plaintiffs/counterclaim-defendants' response to was due on January 25, 2013. Fed. R. Civ. P. 12(a)(1)(B).

On February 27, 2013, the government requested that the clerk enter default under Federal Rule of Civil Procedure 55(a) because plaintiffs/counterclaim-defendants had failed to respond to its counterclaims. Dkt. No. 34. The following day, plaintiffs/counterclaim-defendants filed a response to the government's request and argued, as if the request were a motion for default judgment before the court, that entry of default

judgment was improper. Dkt. No. 35. On March 1, 2013, however, the parties stipulated to extend the deadline for plaintiffs/counterclaim-defendants to respond to the government's counterclaims to March 1, 2013. Dkt. No. 38. And, on March 1, 2013, plaintiffs/counterclaim-defendants filed their response. Dkt. No. 37.

## II. STANDARD OF REVIEW

Default may be entered against a party who fails to plead or otherwise defend an action and against whom a judgment for affirmative relief is sought. Fed. R. Civ. P. 55(a). After entry of default, a court has discretion to grant default judgment on the merits of the case. Fed. R. Civ. P. 55(b); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980).

## III. DISCUSSION

Because the parties stipulated to an extension of plaintiffs/counterclaim-defendants' deadline to respond to the government's counterclaims, which plaintiffs/counterclaim-defendants met, plaintiffs/counterclaim-defendants have not "failed to plead or otherwise defend" the government's counterclaims. Fed. R. Civ. P. 55(a). Accordingly, the Court finds that entry of default by the clerk is inappropriate. The Court RECOMMENDS to the district court that it DENY the government's request for entry of default by the clerk.

Any party may object to this order within fourteen days under Federal Rule of Civil Procedure 72.

IT IS SO ORDERED.

Date: March 11, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge