UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.O.R.E., LLC, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 12-cv-03609-JST<br><br>**ORDER TO SHOW CAUSE AND ORDER IMPOSING SANCTIONS**<br><br>Re: ECF Nos. 69, 72 |

## I.  BACKGROUND

This quiet title and wrongful levy action was filed on July 11, 2012. ECF No. 1. One of the plaintiffs, Mark Ottovich, currently represents himself in the action. ECF Nos. 51, 54.

On March 12, 2014, mail sent to Ottovich was returned as undeliverable. ECF No. 63. As a result, on July 17, 2014, the Court issued an Order to Show Cause why Ottovich's complaint should not be stricken pursuant to Civil Local Rule 3-11, which requires parties to notify the Court of any change in address.[1] ECF No. 65. In the order to show cause, the Court also continued the case management conference scheduled for July 23, 2014 to Wednesday, December 3, 2014, and advised Ottovich that if he filed a Notice of Change of Address within thirty days of the date of the order, the order to show cause would be vacated. ECF No. 65.

Plaintiff neither filed a change of address nor responded to the order to show cause. Instead, on December 1, 2014, he filed an individual case management statement, which was twelve days late, and lacking some of the information required by the Court, such as a proposed

---

[1] Under Rule 3-11, if mail sent to a *pro se* party is returned as undeliverable, and the Court does not receive within sixty days of the return a written communication from the *pro se* party indicating a current address, "[t]he Court may, without prejudice, dismiss [the party's] complaint . . . ." Civ. L.R. 3-11(b).

case schedule. ECF No. 67; see Standing Order for All Judges of the Northern District of California: Contents of Case Management Statement, available at http://cand.uscourts.gov/jstorders. It was evident that Ottovich had made no effort to confer with opposing counsel regarding the matters addressed by his statement, although he was under order to do so. See Standing Order for All Civil Cases Before District Judge Jon S. Tigar ("Failure to meet and confer regarding the required topics prior to the initial case management conference . . . may, in the reasonable exercise of the Court's discretion, result in sanctions or disciplinary action."), available at http://cand.uscourts.gov/jstorders.

The Court held the December 3, 2014 case management conference as scheduled, but Ottovich failed to appear at the conference. ECF No. 68.

Because Ottovich failed to appear at the December 3, 2014 case management conference, the Court issued another order to show cause why the Court should not impose monetary sanctions for his failure to appear. ECF No. 69. The Court set another order to show cause hearing, to occur simultaneously with a January 28, 2015 case management conference, and ordered Ottovich to file a response to the order to show cause by January 9, 2015. Id.

Ottovich filed a response to the OSC, claiming that (1) he was not feeling well on December 3 – in particular, that he has prostate-health issues and poor memory; (2) he is a veteran; (3) he relied on the other plaintiffs' counsel, Randal Schmidt's, ability to represent his interests at the conference; and (4) Schmidt failed to remind him to appear in court. ECF No. 70. Ottovich further explained that he "was 'surprised' by his sudden illness on the day of December 9 [sic], 2014," and that Schmidt was "his legal and recognized representative" who could have represented his interests at the hearing. Id. Ottovich claimed that both of these reasons excused his failure to appear pursuant to Federal Rule of Civil Procedure 60(a). Id.

On January 28, 2015, the Court held the combined order to show cause hearing/case management conference. ECF No. 72. Ottovich again failed to appear at the hearing and did not notify the Court ahead of time or otherwise explain his absence. He has no further communication with the court since the hearing, other than to file a motion for permission for electronic case filing on behalf of another plaintiff. ECF No. 73.

## II. LEGAL STANDARD

Rule 16(f) of the Federal Rules of Civil Procedure, provides that, on its own motion, "the court may issue any just orders . . . if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; . . . or (C) fails to obey a scheduling or other pretrial order."  Because the purpose of the rule is "to encourage forceful judicial management," a court has broad discretion to sanction attorneys and parties who fail to comply with the court's reasonable case management orders.  Alutiq Int'l Solutions, LLC v. Lyons, No. 2:11-cv-01104-GMN-PAL, 2012 WL 7801695, at *3 (D. Nev. Sep. 18, 2012) (citing Sherman v. United States, 801 F.2d 1133, 1135 (9th Cir. 1986).  Rule 16 authorizes the court to impose the sanctions permitted by Rule 37 of the Federal Rules of Civil Procedure, which include dismissal of an action in whole or in part, and the payment of expenses.  Fed. R. Civ. P. 37(b)(2)(A)(v), (B); see also Rule 3-9 ("Sanctions (including default or dismissal) may be imposed for failure to comply with local rules.").

Moreover, federal courts have inherent power to impose monetary or other sanctions in order to control the conduct of the proceedings, protect the "orderly administration of justice" and to maintain "the authority and dignity of the court."  Roadway Express, Inc. v. Piper, 447 U.S. 752, 764-67 (1980) (citations omitted).  Such sanctions can be imposed for bad faith or willful disobedience of a court order, after a litigant has been given notice and an opportunity to be heard.  Id.

## III. ANALYSIS

Rule 16 expressly permits the imposition of monetary or other sanctions when a party fails to appear at a court-ordered conference, or otherwise fails to obey with a pretrial order.  There is no dispute that Ottovich did not attend the December 3, 2014 conference, as he was ordered to do, and no dispute that he also did not file an updated address with the court.  Thus, under Rule 16, the Court may levy reasonable sanctions against Ottovich.

The Court also has the inherent power to impose sanctions in order to compel compliance with court orders, control the proceedings, and to ensure that the authority and dignity of the court is maintained.  A party may not simultaneously invoke the Court's power in an attempt to get relief, while flouting the orders and rules of the Court.

In considering Ottovich's response to the order to show cause, the Court evaluates his credibility in light of his subsequent, repeated failure to appear in the case, as well as his conduct in other cases in this district. Numerous other judges have sanctioned Ottovich for his failure to appear in court and at depositions, and to otherwise comply with court orders. Those sanctions have included monetary sanctions and the termination of at least two of his cases. See Case No. C 10-02842 WHA, ECF Nos. 46 (order to show cause why case should not be dismissed for failure to prosecute), 111 (order to show cause resulting from Ottovich's and others' failure to appear as ordered at settlement conferences), 113 (order recommending sanction of dismissal of action), 114 (minute entry for show-cause hearing where Ottovich, among others, ordered to pay $1,200 in sanctions), 146 (order dismissing Ottovich's action for failure to prosecute and to obey reasonable court orders); Case No. 11-cv-1793-JSW, ECF Nos. 33 (motion for sanctions in the amount of $500 per day that Ottovich failed to comply with IRS summons, or in the alternative, for Ottovich's confinement), 39 (minutes of hearing for which Ottovich failed to appear), 40 (second motion for sanctions of $500 per day as a result of Ottovich's failure to comply with IRS summons for more than a year), 48 (order requiring Ottovich to pay $500 in sanctions per day of non-compliance with IRS summons); 81 (order imposing $7,500 fine against Ottovich for his failure to comply with IRS summons); Case No. 3:09-cv-4181-MMC, ECF Nos. 96 (motion for sanctions against Ottovich for his failure to appear at five noticed depositions; proposed sanctions including dismissal of Plaintiff's complaint and/or payment of attorneys' fees), 98 (order granting in part motion for sanctions and ordering Ottovich to pay $1,960 in attorneys' fees), 103 (motion to dismiss Ottovich's action for failure to pay court-ordered sanctions), 111 (order to show cause why Ottovich's complaint should not be dismissed or other sanctions imposed as a result of Ottovich's failure to appear at a case management conference), 134 (order denying Ottovich's motion for the court to reconsider its sanctions order), 143 (motion to dismiss Ottovich's action based on his failure to comply with discovery, including his failure to appear for a deposition as ordered), 154 (order granting motion to dismiss).

Turning to Ottovich's response, the Court finds unconvincing Ottovich's assertion that the types of health issues he identified in his response to the order to show cause could have surprised

4

him in such a way that he could not appear or notify the Court or the other parties that he would not appear at the December 3 hearing. Further, as evidenced by Schmidt's request to withdraw as counsel for Ottovich, ECF No. 51, and the Court's order granting that request, ECF No. 54, Schmidt was decidedly *not* Ottovich's "legal and recognized representative" any longer. Ottovich could not rely on Schmidt to represent his interests or remind him to appear in court. In sum, the Court finds that Ottovich's explanation for his failure to appear is neither adequate nor credible. This is compounded by the fact that Ottovich once again failed to appear before the Court as ordered—this time for the January 28, 2015 case management conference and hearing on the order to show cause. ECF No. 72. Ottovich has not explained his failure to appear on that date.

Given Ottovich's incredible explanation for his failure to appear before this Court, his disregard for the Court's orders, and his behavior before other judges in this district, the Court can only come to one conclusion: Mark Ottovich's failure to appear on December 3, 2014 was willful. Accordingly, the Court will sanction Ottovich in the amount of $500 for that failure to appear and to follow court orders.

The Court also ORDERS MARK OTTOVICH TO SHOW CAUSE why further sanctions should not be imposed for his failure to appear in court on January 28, 2015. The Court advises Ottovich that sanctions, if imposed, may include dismissal of his claims.

## CONCLUSION

For the reasons discussed above, the Court hereby sanctions Mark Ottovich in the amount of $500.00, pursuant to Federal Rule 16(f) and the Court's inherent authority. He is ordered to pay $500.00 to the "Clerk, U.S. District Court" by no later than March 11, 2015. Ottovich shall file proof of payment within five days of payment.

The Court further orders Ottovich to file a response to this Order to Show Cause within 10 days of the date of this order. If he fails to do so, or if his explanation for his failure to appear in

/ / /
/ / /
/ / /
/ / /

5

court on January 28, 2015 is inadequate, the Court may impose further sanctions; such sanctions may include dismissal of his claims in this action.

IT IS SO ORDERED.

Dated:  February 11, 2015

_____
JON S. TIGAR
United States District Judge