MELINDA HAAG (CABN 132612)
United States Attorney
THOMAS MOORE (ALBN 4305-O78T)
Assistant United States Attorney
Chief, Tax Division
THOMAS NEWMAN (NYBN 4256178)
Assistant United States Attorney
   1301 Clay Street, Suite 340 S
   Oakland, California 94612-5217
   Telephone: (510) 637-3689
   Fax: (510) 637-3724
   Thomas.newman2@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| M.O.R.E. PARTNERS LLC, et al., | No. CV 12-3609 JST |
| Plaintiffs and Counterclaim-Defendants, | STIPULATED REQUEST TO SET CASE MANAGEMENT CONFERENCE |
| v. | |
| UNITED STATES OF AMERICA, et al., | |
| Defendants and Counterclaim-Plaintiffs. | |

Plaintiffs Karen Rayl, Harvey Ottovich, Randy Ottovich, and M.O.R.E. LLC, through their

counsel, and the United States, stipulate as follows:

1. At the case management conference that was held on January 28, 2015, the court set a

   discovery deadline, dispositive motion deadline, and a trial date.  For the reasons set forth

   below, the parties believe the court should set a further case management conference to

   consider alternative dates in this matter.

2. The parties attended a case management conference in this case on December 3, 2014.  At

   that conference the parties discussed the fact that some discovery had been stayed and that

dates needed to be set to respond to that discovery.  At that hearing and because of the stayed discovery, the court set a further case management conference for January 28, 2015.

3.  Prior to the January 28, 2015, case management conference, Defendant's counsel prepared a joint statement, sent the proposed statement to Plaintiffs' counsel, and contacted plaintiffs' counsel to discuss the "stayed" discovery.  Plaintiffs did not provide any summary of facts or their legal position in the draft report. (Dkt. No. 71).  Plaintiffs' counsel did not discuss the stayed discovery and noted that he was withdrawing from the case.

4.  The government noted in advance of the December 3, 2014, case management conference that plaintiffs were relying on a non-existent court order to advance their case.  The government contends that Plaintiffs' legal position and the facts that support that position are unknown because: (1) the complaints rely on a state court order that does not exist, and (2) Plaintiffs' initial discovery response relies on the same court order.  Thus, from the government's perspective, Plaintiffs' position is not revealed in their discovery, complaint, or documents that they have provided.  Plaintiffs claim that they learned after this matter was filed and after the responses were served that the October 2004 Order did not references the properties at issue in this case.

5.  When counsel did not withdraw, the parties discussed providing the stayed discovery by a date certain.  The parties agreed to exchange this material by April 24, 2015.  The parties also discussed meeting and conferring relating to the earlier discovery responses because: (1) Plaintiffs' responses rely on a non-existent court order and Plaintiffs did not update the responses in order to state their position, (2) Plaintiffs did not provide documents in response to the government's document request.

    a.  The meet and confer was scheduled for March 25, 2015.  <u>See</u> Dkt. No. 83.  The meeting did not take place because Plaintiffs' counsel stated he could no longer meet at that time.

    b.  The parties rescheduled the meeting for March 27, 2015, and then rescheduled it again for March 30, 2015.  On March 30, 2015, Plaintiffs' counsel stated he could not meet and proposed a new date.

c.  The parties discussed the discovery on March 31, 2015. Plaintiffs' counsel agreed to provide outstanding documents in the following two weeks.  The updated interrogatories contain numerous factual issues and again assert that ownership in one or more of the properties at issue is based on a (non-existent) court order that Plaintiffs claim that they now realize does not refer to the properties at issue in this case.

d.  The government served additional discovery that was due on April 22, 2015.

e.  Defendant's counsel asked to meet and confer about the updated responses after noting that the same (non-existent) court order is referenced and the interrogatories all state that ownership over one property is based on a conversation that "I was not privy to…" as stated in all the responses, i.e. such that no one is part of this conversation.

f.  On April 17, 2015, the parties discussed the discovery responses and the necessity to change the responses.  Plaintiffs' counsel stated he was unable to confer at that time because his car was stolen.  Plaintiffs' counsel represents that the supplemental document production and the original document requests that were due on April 24, 2015, by agreement were in plaintiffs' counsel's car when it was stolen.  Plaintiffs' counsel's car also contained other case-related documents, an expert disclosure, the discovery that was due by April 22, 2015, Rule 26 disclosures, the request for admissions, the special interrogatories, and the original document production.

6.  The government believed a December trial date was possible after receiving some responsive discovery.  For these reasons the parties believe a case management conference should be set so that plaintiffs can commit to dates when they can provide documents requested in discovery and to support their own case.

1

2  Respectfully submitted,

3  MELINDA HAAG
   United States Attorney
4

5  _____
               /s/
6  THOMAS NEWMAN
   Assistant United States Attorney
   Tax Division
7

8

9  _____
               /s/
10 RANDALL SCHMIDT
   Attorney for MORE LLC, Karen Rayl, Harvey
11 Ottovich and Randy Ottovich

12

13

14                    ORDER

15      For the reasons stated in the parties' stipulation, a case management conference is set in this

16 matter for May 20, 2015 at 2:00 p.m. in Courtroom 9, 19th Floor of the San Francisco Courthouse.  A

17 joint case management statement with proposed deadlines is due May 15, 2015.

18      IT IS SO ORDERED.

19

20 DATED: May 12, 2015



21

22

23

24

25

26

27

28