UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

M.O.R.E., LLC, et al.,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 12-cv-03609-JST

**AMENDED SCHEDULING ORDER**

The Court hereby sets the following modified case deadlines pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rule 16-10:

| Event | Deadline |
|---|---|
| Deadline to complete settlement conference | 9/18/15 |
| Discovery cut-off[1] | 12/4/15 |
| Deadline to file dispositive motions | 2/12/16 |
| Pretrial conference statement due | 4/27/16 |
| Pretrial conference | 5/6/16 at 2:00 p.m. |
| Trial | 5/23/16 at 8:30 a.m. |
| Estimate of trial length (in days) | Three |

As the Court stated from the bench, it is the Court's view that Plaintiffs' claims for quiet

---

[1] At the 5/20/15 Case Management Conference, the parties represented that they did not need expert discovery.

title and wrongful levy are not triable to a jury. Towe Antique Ford Found. v. I.R.S., 999 F.2d 1387, 1395 (9th Cir. 1993) (wrongful levy claim is equitable and not triable to a jury); Estate of Phelps, 223 Cal. App. 3d 332, 340 (1990) (quiet title action is not tried to a jury because it is equitable in nature); Towers v. Titus, 5 B.R. 786, 792 (N.D. Cal. 1979) (same). If Plaintiffs wish to persuade the Court otherwise, they may file a brief in support of their position by June 3, 2015. Plaintiffs' brief will be no longer than 10 pages. Defendants may, but are not required to, file a responsive brief of not more than 10 pages by June 17, 2015. The Court will then take the matter under submission. If Plaintiffs do not file a brief by June 3, 2015, it will have been established in this case that no claims are triable to a jury and the trial will proceed as a bench trial.

At the parties' request, ECF No. 97 at 7, the Court orders them to meet and confer regarding (1) the timing issues addressed in the motion to dismiss and (2) which plaintiffs have standing to pursue this action. Such meet and confer must take place in person and must be completed by November 1, 2015.

Any deadlines not modified by this order remain as previously set.

Counsel may not modify these dates without leave of court. The parties shall comply with the Court's standing orders, which are available at cand.uscourts.gov/jstorders.

The parties must take all necessary steps to conduct discovery, compel discovery, hire counsel, retain experts, and manage their calendars so that they can complete discovery in a timely manner and appear at trial on the noticed and scheduled dates. All counsel must arrange their calendars to accommodate these dates, or arrange to substitute or associate in counsel who can.

Trial dates set by this Court should be regarded as firm. Requests for continuance are disfavored. The Court will not consider any event subsequently scheduled by a party, party-controlled witness, expert or attorney that conflicts with the above trial date as good cause to grant a continuance. The Court will not consider the pendency of settlement discussions as good cause to grant a continuance. The Court will not entertain any complaint regarding another party's

/ / /

/ / /

/ / /

1  dilatory production of discovery unless the complaining party previously, timely brought a motion
2  to compel or otherwise sought appropriate judicial relief.
3      IT IS SO ORDERED.
4  Dated: May 21, 2015

_____
JON S. TIGAR
United States District Judge