UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.O.R.E., LLC, et al.,<br>        Plaintiffs,<br>    v.<br>UNITED STATES OF AMERICA,<br>        Defendant. | Case No. 12-cv-03609-JST<br><br>**ORDER TO SHOW CAUSE** |

On May 20, 2015, the Court held a case management conference in this case at which it discussed further scheduling of the case with the parties. See ECF No. 99. Once again, Plaintiff Mark Ottovich, who is proceeding in this case *pro se*, did not appear at the case management conference. See id.

The Court has issued three orders to show cause in this case. See ECF Nos. 65, 69, 76. All were directed to Mark Ottovich. Id. The Court issued the first Order in response to Ottovich's failure to update his address with the Court. See ECF No. 65 at 1-2. In the Order, the Court explained that under Civil Local Rule 3-11, if a party fails to update the Court with a current address within sixty days of mail sent to that address being returned as undeliverable, the Court may dismiss the party's complaint without prejudice. See id. The Court informed Ottovich that if he updated his address with the Court within thirty days of the date of the Order, the Order to Show Cause would be vacated, but otherwise a hearing on the Order to Show Cause would be held at the next case management conference. See id. at 2. Ottovich did not update his address with the Court, and did not otherwise respond to the Order.

The second Order to Show Cause addressed several issues. See ECF No. 69. First, the Court noted that Ottovich did not update his address with the Court, except that he provided an address in his December 1, 2014 case management statement. See id. at 1. The Court also noted

1 that his case management statement was untimely. See id. The statement also was deficient in
2 that it did not comply with the Court's standing orders. See ECF 76 at 1-2. Finally, the Court
3 noted that Ottovich did not appear at the December 3, 2014 order to show cause hearing and case
4 management conference. See ECF Nos. 68, 69. In light of his failures to comply with Court
5 orders, the Court once again ordered Ottovich to show cause, but this time asked him to explain
6 why monetary sanctions should not be imposed against him. ECF No. 69 at 1. The Court ordered
7 Ottovich to file a response to the Order by January 9, 2015, and to appear at another order to show
8 cause hearing to be held concurrently with the case management conference scheduled for January
9 28, 2015. Id. at 1-2.

10 On January 9, 2015, Ottovich filed a response to the Court's December 10, 2014 Order to
11 Show Cause. See ECF No. 70. In his response, Ottovich stated that he had failed to appear for the
12 December 3, 2014 hearing "due to his enlarged prostate and chronic memory problems," as a
13 result of a sudden illness that took him by surprise, and because he relied on attorney Randall
14 Schmidt, who represents the other plaintiffs in this action, to remind him of the hearing and/or to
15 otherwise represent his interests at the hearing. Id. Ottovich did not appear at the January 28,
16 2015 case management conference and hearing on the Court's second order to show cause. See
17 ECF No. 72.

18 In its most recent Order to Show Cause, the Court chronicled Ottovich's past behavior
19 before this Court and other courts in the Northern District, discussed why it believed Ottovich's
20 explanations for his failures to appear were incredible, and imposed $500 in sanctions against him
21 for his failure to comply with this Court's orders. See ECF No. 76. The Court also ordered
22 Ottovich to show cause why the Court should not impose further sanctions against him, including
23 the dismissal of his case. Id. at 5. The Court ordered Ottovich to respond to the Order to Show
24 Cause within ten days of the February 11, 2015 Order, and also ordered him to pay the $500
25 sanction to the Clerk of the Court by March 11, 2015. Id. The Court reminded Ottovich that
26 further failure to comply with the Order to Show Cause, or an inadequate explanation for his
27 failure to appear at the January 28, 2015 hearing, could result in the Court imposing further
28 sanctions, including the dismissal of his claims in this action. Id. at 5-6.

1    Fourteen days after the Court issued its most recent Order to Show Cause—four days after
2    the Court-imposed deadline—Ottovich filed a response, explaining that he relies on an assistant to
3    remind him of dates to appear in court, that he is a veteran with PTSD, and that he continues to
4    have health problems, and insisting that he was unaware of the hearings at which he did not
5    appear.  See ECF No. 78.  Ottovich asked the Court not to impose further sanctions against him
6    and assured the Court that he would not miss further hearings in the case.  Id.  Ottovich did not
7    pay the Clerk of the Court the monetary sanctions that the Court had ordered.

8    The United States, Defendant in this action, filed a request for leave to file a reply to
9    Ottovich's response to the Order to Show Cause.  See ECF No. 79.  In the reply, the United States
10   pointed to documents that evidenced Ottovich's awareness of the December 3, 2014 and January
11   28, 2015 hearings.  Id. at 2.

12   The parties then filed a joint case management statement in which they asked the Court to
13   refer them to a Magistrate Judge for settlement.  See ECF No. 83 at 2.  The Court granted the
14   request and ordered that the impending case management conference be continued to July 8, 2015,
15   and further matters to be continued in light of pending settlement discussions.  See ECF Nos. 87,
16   88.  Then, on May 7, 2015, before the parties appeared for a settlement conference, the parties
17   filed a stipulated request to set a case management conference to discuss further scheduling of the
18   case in light of recent developments.  See ECF No. 95.  The Court granted the stipulation and
19   scheduled a case management conference for May 20, 2015.  See ECF No. 96.  As discussed
20   above, Mark Ottovich did not appear at the May 20, 2015 case management conference.

21   Accordingly, the Court hereby ORDERS Mark Ottovich to SHOW CAUSE why he and
22   his claims should not be dismissed from this action for failure to prosecute pursuant to Rule 41 of
23   the Federal Rules of Civil Procedure and for his willful failures to comply with the Court's orders.
24   In determining the appropriate sanction, the Court bears in mind the Court's three prior orders to
25   show cause, which specifically warned Mark Ottovich that monetary sanctions and dismissal of
26   his claims were possible consequences of his repeated failure to comply with court orders.  The
27   Court also notes that Mr. Ottovich has not yet paid the $500 sanction the Court has already
28   imposed.  Finally, the Court notes that Mark Ottovich has already been declared a vexatious

litigant in California state court.  See Administrative Office of the Courts, Vexatious Litigant List from Prefiling Orders Received from California Courts, available at http://www.courts.ca.gov/documents/vexlit.pdf at 42; see also Missud v. Nevada, 861 F. Supp. 2d 1044, 1059 (N.D. Cal. 2012) (considering sanctions imposed by Nevada District Court, and litigant's harassing filings in that court and California state court, to evaluate whether the litigant should be declared vexatious in the District Court for the Northern District of California).

The Court hereby sets a hearing on this Order to Show Cause for July 9, 2015 at 2:00 p.m., to be held concurrently with the case management conference and hearing on the United States' Motion to Dismiss set for that date and time.  See ECF No. 100.  The Court hereby orders Mark Ottovich to appear at that hearing in person.  Mark Ottovich is also hereby ordered to file a response to this Order by June 25, 2015.  If Mark Ottovich does not respond to this Order, or does not appear at the July 9, 2015 hearing, his affirmative claims may be dismissed from this action or other sanctions may be imposed against him.  If his affirmative claims are dismissed, the United States' counterclaims against him will remain.

IT IS SO ORDERED.

Dated:  June 2, 2015

_____
JON S. TIGAR
United States District Judge

4