UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

M.O.R.E., LLC, et al.,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

Case No. 12-cv-03609-JST

**ORDER DISMISSING PLAINTIFF MARK OTTOVICH**

Re: ECF No. 105

On June 2, 2015, the Court ordered Plaintiff Mark Ottovich to show cause why his claims in this action should not be dismissed for failure to prosecute and for his willful failures to comply with the Court's orders. Ottovich was ordered to file a written response to the Court's order by June 25, 2015 and appear for an Order to Show Cause hearing on July 9, 2015. Ottovich did not comply – he neither filed a written response nor appeared in court. The matter is now before the Court for consideration.

**I.  BACKGROUND**

This is quiet title and wrongful levy action filed on July 11, 2012, and Mark Ottovich is one of the plaintiffs. ECF No. 1. Unlike the other plaintiffs, Ottovich currently represents himself in the action. ECF Nos. 51, 54. The Court has issued four Orders to Show Cause in this case, all directed to Mark Ottovich. See ECF No. 65, 69, 76 and 105. The Court's prior orders have all warned Ottovich that the possible consequences of his failures to comply with the Court's orders include dismissal of his claims and other sanctions.

On July 17, 2014, the Court issued its first Order to Show Cause in response to Ottovich's failure to update his address with the Court when mail sent to Ottovich was returned as undeliverable. See ECF No. 65. The Court explained that under Civil Local Rule 3-11, if a party fails to update the Court with a current address within sixty days of mail sent to that address being

returned as undeliverable, the Court may dismiss the party's complaint without prejudice. See id. The Court informed Ottovich that if he updated his address with the Court within thirty days of the date of the Order, the Court would vacate the Order to Show Cause, but otherwise would conduct a hearing on the Order to Show Cause on December 3, 2014. See id. at 2.  Ottovich did not update his address with the Court, and did not otherwise respond to the Order to Show Cause. The Court held the Order to Show Cause hearing on December 3, 2014 as scheduled, but Ottovich failed to appear. See ECF Nos. 68, 69.

The second Order to Show Cause, issued on December 10, 2014, addressed a number of issues. See ECF No. 69. The second Order noted that Ottovich did not timely update his address with the Court, but noted that Ottovich had provided a new address in a case management statement. ECF No. 69 at 1. That case management statement, however, was twelve days late and did not comply with the Court's standing orders. See ECF No. 76 at 1-2. For example, the statement lacked a proposed case schedule. ECF No. 67; see Standing Order for All Judges of the Northern District of California: Contents of Case Management Statement, available at http://cand.uscourts.gov/jstorders. It was also evident that Ottovich made no effort to confer with opposing counsel regarding the matters addressed by his statement, although he was under order to do so. See Standing Order for All Civil Cases Before District Judge Jon S. Tigar ("Failure to meet and confer regarding the required topics prior to the initial case management conference . . . may, in the reasonable exercise of the Court's discretion, result in sanctions or disciplinary action."), available at http://cand.uscourts.gov/jstorders. The second Order to Show Cause also discussed Ottovich's failure to appear before the Court at the December 3, 2014 hearing and case management conference. ECF No. 69. In light of his failures to comply with Court orders, the Court again ordered Ottovich to show cause and asked him to explain why monetary sanctions should not be imposed against him. ECF No. 69 at 1. The Court ordered Ottovich to file a response to the Order by January 9, 2015, and to appear at the Order to Show Cause hearing to be held concurrently with a case management conference scheduled for January 28, 2015. Id. at 1-2.

On January 9, 2015, Ottovich filed a response to the Court's Order, claiming that (1) he was not feeling well on December 3 – in particular, that he has prostate-health issues and poor

1  memory; (2) he is a veteran; (3) he relied on the other plaintiffs' counsel, Randall Schmidt, to
2  represent his interests at the conference; and (4) Schmidt failed to remind him to appear in court.
3  ECF No. 70. Ottovich claimed that these reasons excused his failure to appear pursuant to Federal
4  Rule of Civil Procedure 60(a). Id. at 2. Ottovich stated he would "at least appear by telephone" at
5  the next case management conference. Id. The Court then held the Order to Show Cause hearing,
6  along with a case management conference, on January 28, 2015. ECF No. 72. Ottovich again
7  failed to appear at the hearing and did not notify the Court ahead of time or otherwise explain his
8  absence. See ECF No. 72.

9  In response, on February 11, 2015, the Court issued its third Order to Show Cause, for
10 Ottovich's failure to appear in court on January 28, 2015. See ECF No. 76. The Order chronicled
11 Ottovich's past behavior before the Court and in other courts in the Northern District, discussed
12 why it believed Ottovich's explanations for his previous failures to appear were not adequate or
13 credible, and imposed $500 in sanctions against him for his failure to comply with the Court's
14 Orders. See ECF No. 76. The Court also ordered Ottovich to show cause as to why the Court
15 should not impose further sanctions against him, including the dismissal of his case. Id. at 5. The
16 Court ordered Ottovich to respond to the Order to Show Cause within ten days of the February 11,
17 2015 Order and to pay the $500 sanction to the Clerk of the Court by March 11, 2015. Id. The
18 Court reminded Ottovich that further failure to comply with the Order to Show Cause, or an
19 inadequate explanation for his failure to appear at the January 28, 2015 hearing, could result in the
20 Court imposing further sanctions, including the dismissal of his claims. Id. at 5-6.

21 On February 26, 2015 – four days after the Court-imposed deadline – Ottovich filed a
22 response, explaining that he relies on an assistant to remind him of dates to appear in court, that he
23 is a veteran with PTSD, and that he continues to have health problems, and insisting that he was
24 unaware of the hearings at which he did not appear. See ECF No. 78. Ottovich asked the Court
25 not to impose further sanctions against him and assured the Court that he would not miss future
26 hearings in the case. Id.

27 The United States, the Defendant in this action, filed a request for leave to file a reply to
28 Ottovich's response to the Order to Show Cause. ECF No. 79. In the reply, the United States

3

pointed to documents that evidenced Ottovich's awareness of both the December 3, 2014 and January 28, 2015 hearings. Id. at 2.

On May 20, 2015, the Court held a case management conference at which it discussed further scheduling of the case with the parties. See ECF No. 99. Once again, Ottovich did not appear at the case management conference. See id.

Most recently, on June 2, 2015, the Court issued its fourth Order to Show Cause ordering Ottovich to explain why his claims should not be dismissed from this action for failure to prosecute and for his willful failure to comply with the Court's prior orders. See ECF No. 105. The Order further noted that Ottovich had not yet paid the $500 sanction the Court already imposed. Id. at 3. The Court ordered Ottovich to file a response to the Order by June 25, 2015. The Court also set a hearing on the Order for July 9, 2015, and ordered Ottovich to appear at the hearing in person. Id. The Court again identified possible consequences for failing to respond to the Order or appear at the hearing, such as dismissal of Ottovich's affirmative claims from the action or imposition of other sanctions. Id.

Ottovich failed to respond to the June 2, 2015 Order.[1] Ottovich also failed to appear before the Court for the July 9, 2015 Order to Show Cause hearing – which was to be jointly held with hearings for a motion to dismiss and a motion for judgment on the pleadings and a case management conference. See ECF No. 122. The day before the hearing, Ottovich notified the Court about his impending absence from the proceedings by filing a doctor's note. See ECF No. 121. The doctor recommended that Ottovich modify his physical activity and stay at home between July 6, 2015 and July 11, 2015. Id. Most remarkably, Ottovich delivered the note to be filed with the Court *in person*, despite his doctor's ostensible requirement that he stay at home, and despite being granted permission to file documents electronically. See ECF No. 120. In other words, Ottovich came to court to deliver a note that said, in so many words, that he was unable to come to court. The Court concludes that Ottovich's excuse was not credible on its face. Ottovich also previously represented to the Court that should health issues prevent his attendance at a future

---

[1] Ottovich did file a declaration in response to an exhibit filed made by the United States, ECF No. 117, but that document was not responsive to the Order to Show Cause.

proceeding, he would "at least appear by telephone." ECF No. 70 at 2. Ottovich, however, did not request to appear by telephone.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 16(f) provides that, on its own motion, "the court may issue any just orders . . . if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; . . . or (C) fails to obey a scheduling or other pretrial order." The purpose of the rule is "to encourage forceful judicial management." Sherman v. United States, 801 F.2d 1133, 1135 (9th Cir. 1986). If a party fails to obey a scheduling or pretrial order, Rule 16 authorizes the court to impose the sanctions permitted by Rule 37, which includes dismissal of an action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A).

Federal Rule of Civil Procedure 41(b) also allows the involuntary dismissal of an action or a claim for "failure of the plaintiff to prosecute or comply with these rules or any order of the court." The text of Rule 41(b) refers to a defense motion for dismissal, however, the Rule also permits a court to sua sponte dismiss an action for failure to prosecute or failure to comply with court order. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962).

Dismissal is a severe remedy. Before dismissing a case under Rule 16(f) or Rule 41(b), "the district court must weigh several factors: the public's interest in expeditious resolution of litigation; the court's need to manage its docket; the risk of prejudice to the defendants; the public policy favoring disposition of cases on their merits; and the availability of less drastic sanctions." Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996). The standards for dismissal under Rule 16(f) and Rule 41(b) for failure to obey a court order "are basically the same." Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir.1987), cert. denied, 488 U.S. 819 (1988).

## III. ANALYSIS

Rules 16 and 41 permits the dismissal of claims when a party fails to obey orders of the court. The Court also has the inherent power to dismiss for lack of prosecution. The Court, however, is mindful that dismissing Ottovich from the action is an extreme sanction. And the Court is also sensitive to difficulties faced by pro se litigants navigating the judicial process. The Court now considers whether to impose the sanction of dismissal and whether another, lesser,

sanction might be used instead.

The public's interest in expeditious resolution of litigation and the court's need to manage its docket weights in favor of dismissing Ottovich from the action. Ottovich's conduct impedes resolution of the case. The Court has expended significant time dealing with the problems stemming from Ottovich's failure to comply with the Court's orders and local rules and failure to appear for proceedings.

In determining whether a defendant has been prejudiced, the Court examines whether a "plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision in the case." Malone, 833 F.2d at 131. Lack of prejudice to a defendant, however, is not necessarily determinative in evaluating whether dismissal is proper. See Henderson v. Duncan, 779 F.2d 1421, 1425 (9th Cir. 1986) (finding that lack of prejudice was not determinative where plaintiff's counsel repeatedly disregarded deadlines, warnings, and schedules set by the district court). Here, while there no specific showing of prejudice to the United States, Ottovich has repeatedly disregarded orders and deadlines set by the Court and has frustrated the progress of the litigation.

Dismissal of Ottovich from the action would not affect the public policy favoring disposition of cases on the merits. The other plaintiffs remain in the wrongful levy and quiet title action against the United States.

Finally, the Court considers whether other, lesser, sanctions would adequately address the problems. Mark Ottovich's history before this Court and other judicial officers in this district demonstrates that lesser sanctions are simply ineffective. To date, this Court has issued four Orders to Show Cause to Ottovich. The Court has repeatedly warned Ottovich that the consequences for failing to comply with Court orders may include dismissal from the case. The Court has also imposed monetary sanctions that Ottovich has yet to pay.

As the Court previously noted, many other judges have sanctioned Ottovich for his failure to appear in court and at depositions, and to otherwise comply with court orders, and the sanctions have included monetary sanctions and the termination of at least two of his cases. ECF No. 76 at 4. The California state courts have denominated Ottovich a "vexatious litigant," such that he is

prohibited from filing any new litigation in California *in pro per* without first obtaining permission from the presiding justice or presiding judge of the court where the filing is proposed. Cal. Code Civ. Proc., § 391.7(a).)[2] The Court is aware that Ottovich is currently proceeding pro se in this action. However, the problems in this action are not due to Ottovich's lack of familiarity with arcane laws or hidden rules. Ottovich continually ignores clear rules and deadlines imposed by the Court.

The Court has considered and tried less drastic measures. The Court has also warned Ottovich of the possibility of dismissal from the action. However, Ottovich's repeated violations of the Court's orders amply demonstrate that he remains unwilling to comply with the Court's orders. Accordingly, the Court concludes that dismissing Ottovich from the action is the appropriate remedy.

## CONCLUSION

Pursuant to Rules 16(f) and 41(b) of the Federal Rules of Civil Procedure, the Court hereby dismisses Plaintiff Mark Ottovich's affirmative claims from this action. The United States' counterclaims against Mark Ottovich will remain.

IT IS SO ORDERED.

Dated: August 25, 2015

_____
JON S. TIGAR
United States District Judge

---

[2] California's vexatious litigant list can be found at http://www.courts.ca.gov/documents/vexlit.pdf. Mark Ottovich appears on page 43.

7